# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BHARATKUMAR B. RAVAL,

      Plaintiff,

      v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

      Defendant.

No. 25 CV 12094

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Bharatkumar Raval was the victim of a serious crime and fully cooperated in the police investigation. [1] ¶¶ 34–40.* For such victims, Congress created the "U nonimmigrant status" visa classification, commonly referred to as a "U Visa," providing temporary immigration benefits and work authorization. The Secretary of Homeland Security (or his designate) "may grant work authorization" to any individual "who has a pending, bona fide application" for a U Visa. 8 U.S.C. § 1184(p)(6). In January 2025, Raval submitted a U Visa petition to United States Citizenship and Immigration Services and applied for employment authorization. [1] ¶¶ 41–45. To date, USCIS has not acted on either submission. [1] ¶ 49.

Raval filed suit seeking an order directing USCIS to determine whether he has a bona fide application (a step USCIS has formalized through a "Bona Fide

---

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

Determination" or "BFD" process) and adjudicate his application for employment authorization. [1]. USCIS now moves to dismiss the case for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. [13]. Because when and whether to grant employment authorization to a U Visa petitioner are discretionary decisions exclusively entrusted to the Secretary, this court lacks jurisdiction and the motion is granted.

The relevant jurisdiction-stripping provision of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B)(ii), provides that no court shall have jurisdiction to review any decision or action of the Secretary of Homeland Security for which the authority is specified, under Title 8, Chapter 12, Subchapter II, "to be in the discretion of" the Secretary of Homeland Security, other than the granting of asylum. The authorization for the actions Raval seeks to compel is found in Subchapter II at § 1184(p)(6): "The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

The Act expressly extends the reach of the jurisdiction stripping provisions to petitions for writs of mandamus. *See* 8 U.S.C. § 1252(a)(2)(B) (depriving jurisdiction "[n]otwithstanding any other provision of law" including "sections 1361 and 1651" of Title 28). There is a narrow exception to jurisdiction stripping for petitions alleging actual or constructive refusal to perform a non-discretionary duty. *See Iddir v. I.N.S.*, 301 F.3d 492, 496–98 (7th Cir. 2002) (Section 1252(a)(2)(B) did not apply when

2

government automatically denied applications because its own delays made the applications untimely).

Raval's complaint alleges three counts: two under the Administrative Procedure Act for unreasonable delay in issuing a bona fide determination and unreasonable delay in adjudicating his application for employment authorization, and a third petitioning for a writ of mandamus compelling defendants to adjudicate his application. [1] ¶¶ 59–72. Nowhere in his complaint, however, does Raval allege that USCIS has refused to adjudicate his application—he only contends that the delay in adjudication has been unreasonable.

Raval concedes that the decision to grant work authorization is discretionary and outside the jurisdiction of this court. He argues that the Secretary has not been granted discretion by statute to unreasonably delay adjudication of his application for employment authorization. But courts lack jurisdiction to review any decision *or action* made under authority specified to be in the discretion of the Secretary. 8 U.S.C. § 1252(a)(2)(B)(ii); *see Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024) (analyzing the same argument in the context of an application for a waiver of inadmissibility). "Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is" such an action. *Soni*, 103 F.4th at 1273. USCIS does have a non-discretionary duty to adjudicate U Visa applications, *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017), but that duty does not impose any particular timetable for adjudication, *Soni*, 103 F.4th at 1273.

3

Raval attempts to distinguish *Soni* by arguing that there "the challenged decision was expressly discretionary by statute," whereas here no statute makes the timing of adjudicating U Visa petitions discretionary. [17] at 5. Not so. The relevant statute in *Soni* barred jurisdiction because the action was one "regarding a waiver" of inadmissibility, not because it was discretionary. *Id.* Moreover, the operative language in § 1182(a)(9)(B)(v) and § 1251(a)(2)(B)(ii) is functionally identical: no court shall have jurisdiction to review any "decision or action" of the Secretary. *Soni* stands for the proposition that actions over which the Immigration and Nationality Act strips jurisdiction includes when and in what order USCIS processes applications.

Raval also argues that the jurisdictional bar does not extend to antecedent steps in decision making, even when the final decision is undisputably discretionary. [17] at 5. Jurisdiction exists to order USCIS to issue Raval a bona-fide determination, even if there is no jurisdiction to order a final decision on the application for employment authorization, so the argument goes. That reads the jurisdiction-stripping provision too narrowly. The statute bars review over *any* decision or action of the Secretary, including predicate decisions like fact finding necessary to decide an application. *See Patel v. Garland*, 596 U.S. 328, 339–40 (2022). Whether the pending U Visa petition is bona fide is such a decision. "Because the BFD Process is a predicate to the work authorization decision, which 8 U.S.C. § 1184(p)(6) undoubtedly gives the Secretary clear discretion over (i.e., the Secretary 'may grant'), this falls

4

under § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Lobatos v. Noem*, No. 25-cv-01223, 2025 WL 1651220, at *4 (N.D. Ill. June 11, 2025).

The government's motion to dismiss, [13], is granted. Enter judgment dismissing the case without prejudice for lack of jurisdiction. Terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: July 16, 2026

5